**650**

TALK OF THE TOWN; Video Treasures, Inc.; Video Treasures, Ltd.; Raymond Pistol, President, Secretary and Treasurer, Plaintiffs–Appellants,

v.

DEPARTMENT OF FINANCE AND BUSINESS SERVICES, on Behalf of City of Las Vegas, Defendant–Appellee.

Talk of the Town; Video Treasures, Inc.; Video Treasures, Ltd.; Raymond Pistol, President, Secretary and Treasurer, Plaintiffs–Appellees,

v.

Department of Finance and Business Services, on behalf of City of Las Vegas, Defendant–Appellant.

Nos. 01–16303, 01–16390.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Filed Sept. 10, 2003.

Amended Dec. 22, 2003.

Allen Lichtenstein, Las Vegas, Nevada, argued the cause for Talk of the Town and submitted briefs.

Peter M. Angulo, Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, Nevada, argued the cause for the City of Las Vegas and filed briefs. Thomas D. Dillard, Jr., also was on the briefs.

Before CANBY, O'SCANNLAIN, and FLETCHER, Circuit Judges.

**ORDER**

The opinion filed September 10, 2003 is hereby amended as follows:

Slip. Op. at 13377 [343 F.3d 1063, 1070] n. 14: Add, as a new paragraph at the conclusion of current footnote 14, the following text:

After we issued our decision in this case, TOT filed a petition for rehearing alleging—for the first time ever—that it was punished for conduct sanctionable only under LVMC § 6.35.100(F), and therefore that it was not prosecuted under a generally applicable statute at all. We consider any such argument waived. *See Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir. 1992) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief."). TOT itself argued in briefing to this court that "The constitutionality of LVMC § 6.35.100(F) is not now, nor it has ever been [sic] an issue in this case," and it repeatedly conceded that it was prosecuted under a generally applicable statute (*e.g.,* "Even under *Arcara,* the closure of a business involved in protected expression *for violating a criminal law of general applicability* clearly does not eliminate all First Amendment consideration." (emphasis added)). We therefore decline TOT's invitation to reach this heretofore unpresented issue.

With this amendment, a majority of the panel has voted to deny the petition for rehearing and suggestion for rehearing en banc. Judges O'Scannlain and W. Fletcher voted to deny the petition for rehearing and the suggestion for rehearing en banc. Judge Canby voted to grant the petition for rehearing and recommended in favor of the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on

whether to rehear the matter en banc. Fed. R.App. 35.

The petition for rehearing and suggestion for rehearing en banc are therefore DENIED.